# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

GLADYS LUCERO,

    Plaintiff,

    v.

FREDDIE MAC EQUITY PLUS I-ESIC
LIMITED PARTNERSHIP;

OCWEN LOAN SERVICING, LLC;

MORTGAGE ELECTRONIC
REGISTRATION SYSTEM;

SAMUEL I. WHITE, PC;

101 GENEVA, LLC;

INDYMAC FINANCIAL SERVICES;

ONE WEST BANK;

MCCABE, WEISBERG, CONWAY, LLC;

and

DOE(S) 1-100;

    Defendants.

Civil Action No. TDC-14-3089

## MEMORANDUM OPINION

This case is before the Court on Defendants 101 Geneva, LLC and Samuel I. White, PC's Motion to Dismiss, ECF No. 4, and Defendants Freddie Mac Equity Plus I-ESIC Limited Partnership, Mortgage Electronic Registration System, Ocwen Loan Servicing, LLC, and OneWest Bank's Motion to Dismiss, ECF No. 12. Having reviewed the briefs, the Court finds

no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014).  For the reasons set forth below, both Motions to Dismiss are GRANTED.

## BACKGROUND

Plaintiff Gladys Lucero ("Lucero") proceeds in this action *pro se*.  On October 27, 2005, Lucero and Orlando Delgado took out a mortgage loan from Wilmington Finance for $300,000 to finance their purchase of property located at 9203 Wellington Court, Lanham, Maryland. Prince George's County Land Records, Book 23724 at 619-21, *available at* http://mdlandrec.net.[1]  On November 30, 2007, Lucero and Delgado refinanced their mortgage with Defendant IndyMac Bank ("IndyMac"), taking out a $389,700 mortgage. *Id.*, Book 29095 at 330-351.  The deed of trust expressly listed the Mortgage Electronic Registration System ("MERS") as the beneficiary of the security instrument, "solely as a nominee for Lender." *Id.*, Book 29095 at 330.  In 2008, IndyMac went into receivership, and the FDIC was appointed as its conservator.  In 2009, OneWest Bank ("OneWest") acquired all of IndyMac's accounts, and IndyMac became a division of OneWest.  *See* IndyMac and OneWest Loan Sale Agreement, available at https://www.fdic.gov/about/freedom/IndyMacLoanSaleAgrmt.pdf; *see* Compl., Ex. 5, ECF No. 1-5.[2]

In 2012, Lucero and Delgado began to "experienc[e] unforeseen financial hardship" and fell behind on their mortgage payments.  Compl. ¶ 33, ECF No. 1.  As a result, they began to "receiv[e] demands for payment and threats of foreclosure" from IndyMac "in violation of the Fair Debt Credit Collection Practices Act" ("FDCPA"), 15 U.S.C. § 1601 *et seq.*  Compl. ¶¶ 13, 15.  During this period, Lucero and Delgado worked with Freddie Mac Equity Plus I-ESIC

---

[1]  The Court takes judicial notice of these events pursuant to Fed. R. Evid. 201(b)(2).
[2]  *Id.*

Limited Partnership ("Freddie Mac") to secure a loan modification from OneWest. Those efforts were fruitless because, in Lucero's estimation, the banks and Freddie Mac "refused to work in any reasonable way to modify the loan to avoid foreclosure." *Id.* ¶ 33. Lucero asserts that MERS then colluded with IndyMac and OneWest to "hijack the Mortgage and then foreclose the property." *Id.*

On March 8, 2013, foreclosure proceedings on the property were instituted in the Circuit Court for Prince George's County by O'Sullivan, Brady, Theologu, McCabe, Weisberg, and Conway, LLC ("McCabe"), acting as a substitute trustee for OneWest. *Brady v. Lucero*, Civ. Action No. CAE13-07125 (Cir. Ct. Prince George's Co. March 8, 2013), *available at* http://casesearch.courts.state.md.us.[3]   Lucero asserts that, in relation to the foreclosure proceeding and the demands for payment leading up to that proceeding, McCabe and IndyMac engaged in "extortion by demanding money" from her in violation of the FDCPA. Compl. ¶ 24.

On June 11, 2013, the property was sold at auction to 101 Geneva, LLC ("101 Geneva"). Prior to the sale, Lucero and Delgado did not file any legal challenge to the foreclosure. *See Brady v. Lucero*, Civ. Action No. CAE13-07125. On June 13, 2013, Samuel I. White, PC ("White"), attorneys for 101 Geneva, sent a letter to Lucero and Delgado informing them that 101 Geneva now owned 9203 Wellington Court, that Lucero and Delgado had 30 days to vacate the premises, and that if they failed to vacate the home in 30 days, they would be responsible for paying 101 Geneva for the reasonable monthly value of the property. The letter specifically stated that it was a "Notice of Collection" and that by sending it, White was "attempt[ing] to collect debt for another." Compl., Ex. 4 at 4, ECF No. 1-4. Lucero asserts that, as a result of its collection efforts, White has violated the FDCPA.

---

[3] The Court takes judicial notice of these proceedings pursuant to Fed. R. Evid. 201(b)(2).

On July 15, 2013, Lucero and Delgado filed a Motion to Dismiss in the foreclosure action in which they challenged the validity of the sale. Freddie Mac Mot. to Dismiss, Ex. I, ECF No. 12-10 (copy of filing). On August 7, 2014, the Circuit Court ratified the sale. *Brady v. Lucero*, Civ. Action No. CAE13-07125. The foreclosure action remains open in the Circuit Court, and an appeal from the ratification order is pending in the Maryland Court of Special Appeals. *See id.*

On June 27, 2014, Lucero and Delgado filed a separate lawsuit against Freddie Mac, IndyMac, OneWest, MERS, McCabe, 101 Geneva, and White in which they alleged eight causes of action: (1) wrongful foreclosure, (2) quiet title, (3) a request for declaratory relief, (4) gross negligence, (5) breach of written contract, (6) fraud or duress, (7) a request for an accounting, and (8) expungement of equitable lien and satisfaction of lien. Compl., *Lucero v. Freddie Mac Equity Plus I ESIC LP, et al.*, Civ. Action No. CAE13-18389 (Cir. Ct. Prince George's Co. June 27, 2014).[4] That case was ultimately dismissed with prejudice. *See Lucero v. Freddie Mac Equity Plus I ESIC LP, et al.*, Civ. Action No. CAE13-18389, Docket Entry No. 11, *available at* http://casesearch.courts.state.md.us.

On September 30, 2014, Lucero filed the instant case in this Court alleging nine causes of action: (1) wrongful foreclosure, (2) quiet title, (3) a request for declaratory relief, (4) gross negligence, (5) breach of written contract, (6) fraud or duress, (7) a request for an accounting, (8) expungement of equitable lien and satisfaction of lien, and (9) a violation of the FDCPA. To date, Lucero has failed to serve the Complaint on IndyMac or McCabe.

On November 25, 2014, 101 Geneva and White filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) contending, in relevant part, that Lucero's FDCPA

---

[4] The Court takes judicial notice of these proceedings pursuant to Fed. R. Evid. 201(b)(2).

4

count must be dismissed against them because they are not debt collectors within the meaning of

the statute, and that Lucero's remaining claims are barred by *res judicata*.  On December 1,

2014, Freddie Mac, MERS, Ocwen Loan Servicing ("Ocwen"), and OneWest also filed a Motion

to Dismiss pursuant to Rule 12(b)(6) contending, in relevant part, that Lucero's FDCPA count

must be dismissed against them because they are not debt collectors within the meaning of the

statute, and that Lucero's remaining claims are barred by *Younger* abstention, *see Younger v.

Harris*, 401 U.S. 37 (1971), and *res judicata*.  Lucero did not respond to either motion.

## DISCUSSION

### I.   Legal Standard

To overcome a Rule 12(b)(6) motion, a complaint must present a viable legal theory and

must allege enough facts to state a plausible claim for relief under that theory.  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  A claim is plausible when "the plaintiff pleads factual content that

allows the Court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Id.*  Legal conclusions or conclusory statements do not suffice and are not entitled to

the assumption of truth.  *Id.*

In evaluating the sufficiency of a plaintiff's claims, the Court must examine the

complaint as a whole, consider the factual allegations in the complaint as true, and view the

factual allegations in the light most favorable to the plaintiff.  *Albright v. Oliver*, 510 U.S. 266,

268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Complaints filed by *pro se* plaintiffs are "to be liberally construed" and "must be held to less

stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89,

94 (2007).  Nevertheless, the complaint must still present a viable legal theory and must contain

more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further

factual enhancement" in support of that theory. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

## II.    Claims Against Does 1-100

Lucero names Does 1-100 as Defendants. The Federal Rules of Civil Procedure have no mechanism for the filing of a complaint against an unknown defendant. Rule 10(a) requires plaintiffs in their pleadings to "name all the parties" to the action. Rule 4(a)(1) requires that a summons "name ... the parties" and "be directed to the defendant." "As a general rule," then, the use of John Doe defendants is not favored in the federal courts. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see Chidi Njoke v. Unknown Special Unit Staff*, 217 F.3d 840, 2000 WL 903896 at *1 (4th Cir. 2000) ("The designation of a John Doe defendant is generally not favored in the federal courts." (citing *Gillespie*)). The device of a John Doe pleading is appropriate only when a plaintiff knows a defendant exists, but cannot identify that defendant by name. *See Schiff v. Kennedy*, 691 F.2d 196, 197-98 (4th Cir. 1982). Here, Lucero has not established that there are actual, but unidentified, additional parties related to the issues she raises in her Complaint. Defendants Does 1-100 are therefore dismissed from the case.

## III.    *Res Judicata*

101 Geneva, White, Freddie Mac, MERS, and OneWest assert that Counts 1-8 of the Complaint are barred by *res judicata* because those claims were raised by Lucero against them in her 2014 state case. They are correct. Furthermore, Lucero's FDCPA claim against these Defendants is also barred by *res judicata*.

*Res judicata*, or claim preclusion, dictates that a prior judgment between the same parties precludes subsequent litigation on those matters actually and necessarily resolved in the first adjudication. *In re Varat Enters., Inc.,* 81 F.3d 1310, 1314–15 (4th Cir. 1996). The preclusive

effect of a prior state-court judgment is determined by the law of the state in which the judgment was rendered. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008). In Maryland, the elements of *res judicata* are (1) the parties in the present suit are the same or in privity with the parties in the earlier suit, (2) the claims presented in the current action are identical to the ones presented in the first suit, and (3) there has been a final judgment on the merits in the first suit. *Id.* at 162. Claims are "identical" if they "arise[] out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Id.* (internal citations and quotations omitted). If all three of these elements are present, the prior judgment bars re-litigation of every matter actually adjudicated in the earlier case. *Id.* at 161. Furthermore, because claims are identical if they arise out of the same transaction or series of transactions, "[n]ewly articulated claims" in the second suit may still be barred by *res judicata* if those claims "could have been brought in the earlier action" because they arose from that common series of transactions. *Id.* at 162; *Sterling v. Local 438, Liberty Ass'n of Steam and Power Pipe Fitters and Helpers Ass'n*, 113 A.2d 389, 393 (Md. 1955) ("[A] judgment in an earlier case on the merits is an absolute bar, not only as to all matters which were litigated in the earlier case, but as to all matters which could have been litigated.").

As to the first requirement, with the exception of Ocwen, the parties in the present suit were all parties in the earlier suit and therefore "have been afforded their day in court on those facts and issues" adjudicated in the earlier case. *Caldor, Inc. v. Bowden*, 625 A.2d 959, 971 (Md. 1993) (discussing privity in the context of *res judicata* and collateral estoppel).

As to the second requirement, Counts 1-8 in the current suit are identical to the claims presented in the state court action. Count 9, Lucero's FDCPA claim, was not presented in the state court action, but arises from the same series of transactions that are the basis for the state

court suit.    Indeed, Lucero's factual allegations in this case are a word-for-word copy of the factual allegations she made in the state court case, and, in those allegations, Lucero repeatedly accuses various Defendants of FDCPA violations.    Thus, although Lucero did not expressly allege her present FDCPA claim in her state court suit, the factual basis she uses in this case for that claim is exactly the same factual basis she used for her prior state court suit.   Lucero thus certainly could have brought her FDCPA claim in that previous state court action.

As to the third element, the state court action was dismissed with prejudice, a judgment that is both final and on the merits. *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 327 (1955) (explaining that "[i]t is of course true" that a "judgment dismissing the previous suit 'with prejudice' bars a later suit on the same cause of action").

Because, with the exception of Ocwen, the parties in this suit are the same as those in the state court case, the claims presented in the current action were or could have been presented in the state court action, and there was a final judgment on the merits in that case, Lucero's claims against Defendants Freddie Mac, MERS, IndyMac, OneWest, McCabe, 101 Geneva, and White are barred by *res judicata*.  All causes of action against those Defendants are therefore dismissed with prejudice.

## IV.    Claims Against Ocwen

The only remaining claims are those against Ocwen.  As to those claims, Ocwen asserts that Lucero has failed to plead facts sufficient to state a plausible claim for relief.[5]  *See* Fed. R. Civ. P. 12(b)(6).  Ocwen is correct.

---

[5] Ocwen also asserts that it is not a debt collector within the meaning of the FDCPA.  However, because Lucero provides no factual allegations about her relationship with Ocwen, the Court need not consider Ocwen's status under the FDCPA.

Lucero has failed to plead any facts whatsoever about Ocwen, and therefore necessarily fails to plead factual content that would allow the Court to draw the reasonable inference that Ocwen is liable for any of the misconduct that Lucero alleges.  Her claims against Ocwen must therefore be dismissed.  *See Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985) (explaining that "[d]istrict judges are not mind readers" and therefore cannot be expected to "construct full-blown claims" based on insufficient factual allegations).

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are GRANTED and the Complaint is DISMISSED.  All claims against Does 1-100, Freddie Mac, MERS, 101 Geneva, White, McCabe, IndyMac, and OneWest are DISMISSED with prejudice.

Date: July 28, 2015

THEODORE D. CHUANG
United States District Judge